UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GAINES HUNTER,<br><br>   Plaintiff,<br><br>   v.<br><br>CRYSTAL NOEL CARTER, MARK HAWK, PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN, INC., and KAISER FOUNDATION HOSPITAL,<br><br>   Defendants. | No. 2:25-cv-2076 DAD AC PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff initially requested leave to proceed in forma pauperis ("IFP") (ECF Nos. 2-3, 6), but the request was mooted upon plaintiff's payment of the filing fee. See 28 U.S.C. § 1915(a)(1). Plaintiff now moves for (1) leave to electronically file all future documents in this action, ECF No. 8; (2) relief from post-filing litigation costs, ECF No. 14; and (3) a thirty-day to sixty-day extension of time to effect service as to defendant Mark Hawk, along with miscellaneous relief in relation thereto, ECF No. 15.

For the reasons outlined below, the court denies the motions for electronic filing and waiver of litigation costs (ECF Nos. 8, 14), grants a sixty-day extension to serve defendant Dr. Mark Hawk, authorizes substitute service on Dr. Hawk to the extent that it needs to authorize

1

such service, denies leave to serve Dr. Hawk via service on attorney Bryce Gray, denies the request to order the U.S. Marshals to effectuate service, and denies without prejudice the request to shift costs of such service to Dr. Hawk (ECF No. 15).

## I.   ELECTRONIC FILING

An unrepresented party may only file documents electronically if allowed by court order or by local rule. Fed. R. Civ. P. 5(d)(3)(B).  This district's Local Rules authorize a pro se party to electronically file documents only with the assigned judge's permission.  L.R. 133(b)(2).  Any such request must be in the form of a stipulation or, when not possible, a written motion explaining the reason for such exception.  L.R. 133(b)(3).

Despite plaintiff having served four of the five defendants in this action (ECF Nos. 13, 16), her motion does not include defendant signatures, explain the lack of a stipulation, or otherwise demonstrate that defendants agree to electronic filing.  See ECF No. 8.  As to why the court should permit electronic filing, plaintiff asserts that it will enable "timely and efficient submission" with a lower "risk of delays or errors" than manual filing, without prejudicing any party.  Id. at 1.  These arguments apply to any plaintiff, yet she does not explain why the risk of manual filing is higher for her than in other cases.

Leave to electronically file documents will be denied, but plaintiff will be permitted to receive electronic service.  This means that plaintiff will receive immediate email notifications when documents are filed in the case, and may access them online.  Plaintiff must continue to file paper documents with the court by conventional means.

## II.   COST WAIVER

Plaintiff argues that although she has now paid the initial filing fee, she remains indigent under the definition of 28 U.S.C. § 1915. ECF No. 14 at 2.  She cannot pay any subpoena service fees or witness deposition fees; costs of obtaining transcripts, medical records, and electronic logs; or other costs associated with litigation.  Id. at 5.  Without citing authority, plaintiff asserts that courts have discretion to grant partial IFP status for post-filing litigation costs, and have done so in the past.  Id. at 2, 4-6.

The Supreme Court has held that "the expenditure of public funds [on behalf of an

2

indigent litigant] is proper only when authorized by Congress" rather than whenever Congress has not expressly prohibited it. United States v. MacCollom, 426 U.S. 317, 321 (1976). The Ninth Circuit has therefore concluded that even after a court has permitted a plaintiff to proceed IFP and waived the filing fee, 28 U.S.C. § 1915 does not authorize waiver of other fees and costs. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989). Specifically, the granting of IFP status does not exempt a litigant from paying the costs of copying and filing documents or service of documents other than the complaint. Beckely v. Raith, No. C 13-02707 WHA, 2013 U.S. Dist. LEXIS 147621, 2013 WL 5568237 (N.D. Cal. October 9, 2013) (citing Porter v. Dept. of Treasury, 564 F.3d 176, 180 n.3 (3rd Cir. 2009)).

For these reasons, the motion is denied.

### III.     EXTENSION OF SERVICE

A.     Background

Four of the five defendants returned executed waivers of service through defense counsel on December 4, 2025. ECF No. 15 at 5, 27. This motion concerns only the fifth, Dr. Hawk.

When Dr. Hawk was a witness in a related state action, multiple attempts to personally serve him in 2024 and 2025 were unsuccessful because "[t]his location will not accept personal service, or produce an employee for service". Id. at 5, 35-37, 39-41. Process servers were instead instructed to email subpoenas to Kaiser Permanente's Medical Legal Department. Id. at 38, 42. In February 2025, when defendant Permanente Medical Group returned plaintiff's check for Dr. Hawk's trial appearance witness fee, it advised her to contact "the attorney for Kaiser Mr. Harper" to discuss Dr. Hawk's appearance. Id. at 33.

When attorney Bryce Gray confirmed on September 29, 2025 that he represented all five defendants in this action, he asked plaintiff to send "a Notice of Lawsuit and Request to Waive Service of Summons" for each individual defendant. Id. at 18, 20. Gray explained that he did not yet have the authority to accept service on their behalf, but expected that he would in due time. Id. The next day, he asked plaintiff to either mail the requested documents or have the process server give 48 hours' notice of who would be serving these documents and at what time. Id. at 21. On October 2, 2025, plaintiff informed Gray that she intended to give defendants sixty days

3

1  to response to the complaint, calculated from the date the process server delivered the complaint,
2  summons, and requested forms.  Id. at 22.

3        On December 4, 2025, Gray returned executed waivers of service for four of the
4  defendants.  Id. at 27.  He asserted, however, that Dr. Hawk had still not authorized Gray to waive
5  personal service on his behalf.  Id. at 27, 29.

6        B.     Analysis

7        Courts must typically dismiss an action without prejudice as against any defendant who is
8  not served within 90 days of a plaintiff filing the complaint.  Fed. R. Civ. P. 4(m).  If the plaintiff
9  shows good cause for the failure, however, a court shall instead provide an appropriate extension
10 of the service deadline.  Id.  Because defendants subject to service within the United States also
11 must avoid any unnecessary expense of serving summons, a plaintiff may also provide such
12 defendants notice of the action and request waiver of service.  Fed. R. Civ. P. 4(d)(1).  Such
13 waiver must give the defendant reasonable time to return such waiver, at least 30 days after the
14 plaintiff sends such request.  Fed. R. Civ. P. 4(d)(1)(F).  If the defendant refuses to waive service
15 without good cause, the court must order the defendant to reimburse plaintiff the costs of making
16 such service, as well as the costs plaintiff incurs in filing a motion to invoke this remedy.  Fed. R.
17 Civ. P. 4(d)(2).

18       Plaintiff first requests an additional thirty to sixty days to serve Dr. Hawk with this action.
19 ECF No. 15 at 2.  Because summons were issued on September 26, 2025, the day that plaintiff
20 paid the filing fee, the current deadline for service is December 26, 2025.[1]  ECF No. 4.  For over
21 two months, the majority of the 90-day service period, plaintiff relied on Gray's assertion that he
22 would likely obtain authorization to waive service as to all five defendants.  ECF No. 15 at 18,
23 20.  That Gray eventually obtained this authorization as to the other four defendants demonstrates
24 that plaintiff was reasonable in relying on Gray's assertion.  See id. at 27.  Plaintiff should not be
25 penalized for such reliance, and the sixty-day extension of the service deadline is granted.

---

[1] Because the 90-day period under Fed. R. Civ. P. 4(m) ends on December 25, 2025 (i.e. Christmas), the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday.  See Fed. R. Civ. P. 6(a)(1)(C).

4

1    Plaintiff then requests that the court authorize alternate service, either via service on
2    counsel or substitute service on Dr. Hawk's place of employment. Id. at 7. An individual may
3    only be served by delivering a copy of the summons and complaint to another if that person is "an
4    agent authorized by appointment or by law" to receive such service of process. Fed. R. Civ. P.
5    4(e)(2)(C). Whether Gray is authorized to act as such an agent is unclear, particularly as Dr.
6    Hawk never authorized Gray to waive service on his behalf. ECF No. 15 at 27, 29. Plaintiff
7    asserts that the Permanente Medical Group previously identified Gray as the point of contact for
8    discussing matters related to Dr. Hawk. ECF No. 15 at 6. The cited letter instead refers to a "Mr.
9    Harper", and plaintiff does not identify any tangible link between the two attorneys. Id. at 33.
10   The request to serve Dr. Hawk through Gray is denied.
11       Under California law, however, if a plaintiff cannot personally serve a defendant, the
12   process server may instead:

> "leav[e] a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

19   Cal. Code Civ. P. § 415.20(b). This substitute service is effective ten days after the mailing of
20   said summons and complaint. Id. A federal plaintiff, in turn, may serve a defendant with the
21   summons by any means that comply with state law in the state where the district court is located.
22   Fed. R. Civ. P. (e)(1). Critically, this means plaintiff does not need the court's leave to serve
23   someone through substitute service as permitted by California law. See Khokhar v. J C K
24   American Transport, Case No. EDCV 24-01529-MWF, 2025 WL 2427976 at *3, 2025 U.S. Dist.
25   LEXIS 195026 at *3 (C.D. Cal. Jul. 29, 2025). To the extent that the court must grant leave, the
26   request to serve Dr. Hawk via substitute service on his place of employment is granted.
27       Plaintiff also requests that the court order the U.S Marshals to serve Dr. Hawk, while
28   acknowledging that she is initially responsible for all related costs. ECF No. 15 at 8. It is

generally a plaintiff's responsibility to serve each defendant with a copy of the summons and complaint. Fed. R. Civ. P. 4(c)(1). The court "may order that service be made by a United States marshal or deputy marshal" upon plaintiff's request. Fed. R. Civ. P. 4(c)(3). A court is not required to do so, however, unless a plaintiff is proceeding IFP or as a seaman. Id.; 28 U.S.C. §§ 1915, 1916. Plaintiff has not demonstrated a need for service by the U.S. Marshals Service. Because substitute service should be adequate, this request is denied

Finally, plaintiff argues that because Dr. Hawk failed to sign a waiver of service, the court should shift costs of such service to Dr. Hawk under Fed. R. Civ. P. 4(d)(2). ECF No. 15 at 3, 8. The Federal Rules only authorize shifting such costs, as well as expenses plaintiff incurred via a motion for such cost-shifting, if defendant lacked good cause for failing to sign and return the waiver. Fed. R. Civ. P. 4(d)(2). Although plaintiff acknowledges this, she argues that his failure to waive service when four similarly situated defendants did so demonstrates that Dr. Hawk lacked good cause. ECF No. 15 at 3, 8. Circumstances unique to Dr. Hawk may have been responsible, and he must receive a fair opportunity to articulate them. The motion to shift costs of service to Dr. Hawk is denied, without prejudice to filing such a motion after Dr. Hawk has appeared in this action.

## IV.    PRO SE PLAINTFF SUMMARY

Your request to participate in the court's electronic filing system is denied as to the filing of documents but granted as to service. You must continue to file paper copies of all documents in this action via delivery to the Clerk, per Local Rule 133(d), but you will receive email notifications of activity in your case and be able to access documents online.

The court may not waive subpoena service or deposition fees, transcript fees, or any other costs of litigation that you have not paid thus far. You are responsible for all such fees and costs.

The deadline for serving Dr. Hawk with the summons and complaint and summons wil be extended from December 26, 2025 to February 24, 2026. The U.S. Marshals will not be directed to to serve Dr. Hawk on your behalf, but you may serve Dr. Hawk by complying with the requirements for substitute service under Cal. Code Civ. P. § 415.20(b). You may not serve Dr. Hawk by serving Bryce Gray, but you may need to consult with Gray as to how to leave a copy of

the summons and complaint at Dr. Hawk's place of employment. If, for example, he again advises you to provide 48 hours' notice of your process server's delivery time, you are advised to comply.

You are responsible for paying for service of process. After Dr. Hawk has been served and appears in this action, you may resubmit your motion to compel him to reimburse you such costs, including the costs of filing the motion. The court will not rule on such a motion until Dr. Hawk has had an opportunity to oppose the motion by presenting good cause as to why he did not waive service.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to utilize the court's CM/ECF system (ECF No. 8) is GRANTED IN PART AND DENIED IN PART as follows:
   a. DENIED with respect to the filing of documents. Plaintiff will continue to file paper documents with the Court through conventional means;
   b. GRANTED with respect to electronic service of documents. The Clerk is DIRECTED to configure plaintiff's account so that plaintiff will receive immediate email notifications when documents are filed in the case. Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D);
2. Plaintiff's motion for relief from post-filing litigation costs (ECF No. 14) is DENIED; and
3. Plaintiff's motion for an order regarding service on defendant Dr. Mark Hawk (ECF No. 15) is:
   a. GRANTED as to the request to extend the deadline to February 24, 2026;
   b. DENIED as to the request to authorize service on Dr. Hawk via service on Bryce Gray as counsel;
   c. GRANTED as to the request to authorize service via substitute service on Dr. Hawk's place of employment;
   d. DENIED as to the request to order the U.S. Marshals to serve Dr. Hawk with the

1 | complaint and summons; and
2 |     e.  DENIED WITHOUT PREJUDICE as to the request to shift all costs of such
3 | service of process to Dr. Hawk.
4 | DATED: December 23, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE