Brenda Gaines Hunter
429 12th Street, #425
Sacramento, CA 95814
916-304-2320
bgaineshunter@yahoo.com

Brenda Gaines Hunter, PRO SE

FILED
JAN 08 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Brenda Gaines Hunter<br><br>Plaintiff(s),<br>vs.<br><br>Crystal Noel Carter, M.D.; Mark W. Hawk, M.D.; The Permanente Medical Group, Inc.; Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals<br><br>Defendant(s). | ) Case No.: 2:25-cv-02076-DAD-AC<br>) (PS)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANTS' MOTION TO**<br>) **DISMISS**<br>)<br>) DATE: January 28, 2026<br>) TIME: 10 am<br>) DEPT:<br>)<br>) Magistrate: HON. Allison Claire<br>) Judge: HON. Dale Drozd<br>)<br>) Action Filed: Sept 26, 2025<br>) Trial Date: Unassigned<br>) |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

## NOTICE OF MOTION AND MOTION

PLAINTIFF BRENDA GAINES HUNTER'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS;

MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF BRENDA GAINES HUNTER;
[PROPOSED] ORDER

**PLEASE TAKE** NOTICE that Plaintiff Brenda Gaines Hunter, appearing pro se, hereby moves this Court for leave to file a sur-reply in opposition to Defendants' Motion to Dismiss.

This Motion is made on the grounds that Defendants raised a new and dispositive statute-of-limitations argument for the first time in their Reply, which was not asserted in their opening Motion to Dismiss, and to which Plaintiff has had no opportunity to respond in writing. Because this matter is likely to be decided on the papers without oral argument, leave to file a short sur-reply is necessary to prevent prejudice and to ensure a complete and fair record.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Plaintiff Brenda Gaines Hunter, all papers and pleadings on file in this action, and any further argument the Court may consider appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Brenda Gains Hunter submits this Sur-Reply to address new arguments and mischaracterizations raised in Defendants' Reply Brief.

### I. DEFENDANTS WAIVED THE STATUTE OF LIMITATIONS DEFENSE

Defendants' Reply raises CCP § 340.5 for the first time. It is a well-settled principle in the Ninth Circuit that "arguments raised for the first time in a reply brief are waived." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). By omitting this defense from their December 23, 2025, Motion to Dismiss, Defendants forfeited the right to assert it now. Even if considered, the statute was tolled by fraudulent concealment until November 2024, when Plaintiff first discovered the chronic nature of her C1 fracture via an independent consultation.

## II. RELIANCE IN CONCEALMENT IS "PASSIVE"

Defendants argue that Plaintiff's lack of trust in Dr. Carter (Compl. ¶ 77) defeats the "reliance" element of fraud. This fundamentally misconstrues the law of fraudulent concealment. In concealment cases, reliance is often passive—it is the "forbearance" from taking action.

**Legal Standard:** Reliance exists where a defendant's *omission* of a material fact (the C1 fracture) causes the plaintiff to remain in ignorance and thus fail to seek timely alternative treatment.

Plaintiff did not "rely" on a spoken lie; she relied on the integrity of her medical record. Because the C1 fracture was omitted from the records under Defendants' exclusive control, Plaintiff was prevented from providing an accurate history to other doctors, which delayed her Reno consultation until November 2024.

## III. PLAINTIFF PLEADS CONCRETE "PROPERTY INJURY" UNDER RICO

Defendants claim Plaintiff alleges only emotional distress, which is insufficient for RICO standing. This is factually incorrect. Plaintiff has pleaded a concrete financial loss:

- Out-of-Pocket Costs: Plaintiff was forced to pay out-of-pocket for an independent neurosurgical consultation in Reno, NV, to obtain the diagnosis that Defendants' racketeering enterprise sought to suppress.
- Litigation Costs: The enterprise's obstruction of the Sacramento Action caused Plaintiff to incur specific administrative and forensic costs. Under *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005), these are "injuries to business or property" sufficient to survive a Rule 12(b)(6) motion.

## IV. STATE ACTION UNDER THE "JOINT ACTION" TEST

Defendants argue they are not state actors. However, a private entity acts under color of law when it is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

1. Abuse of Process: Defendants did not merely "invoke" state procedures; they willfully manipulated the subpoena power of the Sacramento County Superior Court and the Sheriff's Office to obstruct justice.
2. Federal Nexus: As a Medicare Advantage administrator, Kaiser's failure to report a catastrophic spinal injury (MSP Act Section 111) is an abuse of a federally-delegated authority.

## V. CONCLUSION

Defendants' Motion to Dismiss relies on a "distort-and-dismiss" strategy—distorting Plaintiff's claims to fit into state-law immunities that do not apply to the federal

misconduct alleged. For the reasons stated in the Opposition and this Sur-Reply, the Motion should be denied.

**Respectfully Submitted,**

*Brenda Gains Hunter, Pro Se*

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

**BRENDA GAINS HUNTER, Plaintiff, v. CRYSTAL NOEL CARTER, M.D., et al., Defendants.**

Case No.: 2:25-cv-02076-DAD-AC (PS)

## DECLARATION OF BRENDA GAINS HUNTER IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

I, Brenda Gains Hunter, declare as follows:

1. I am the Plaintiff in the above-entitled action, proceeding *pro se*. I have personal knowledge of the facts set forth herein.
2. I am filing this Motion for Leave to File a Sur-Reply because Defendants' Reply Brief filed on January 8, 2025, raised new legal arguments that were not present in Defendants' original Motion to Dismiss.
3. Specifically, Defendants raised for the first time a statute of limitations defense under CCP § 340.5 and presented a new interpretation of "reliance" in fraudulent concealment that relies on a mischaracterization of Paragraph 77 of my Complaint.
4. Additionally, Defendants' Reply misconstrues the nature of my RICO damages and state action allegations.
5. Because this Court may decide the Motion to Dismiss on the papers without oral argument, I require the opportunity to address these new matters in writing to ensure a complete and accurate record.
6. The proposed Sur-Reply is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of January, 2026, at Sacramento, California.

Executed on Jan 8, 2026

at Sacramento, CA.

**Brenda Gaines Hunter**

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**BRENDA GAINS HUNTER, Plaintiff, v. CRYSTAL NOEL CARTER, M.D., et al., Defendants.**

Case No.: 2:25-cv-02076-DAD-AC (PS)

**EXHIBIT A PROPOSED PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Brenda Gaines Hunter, appearing *pro se*, respectfully submits this proposed Sur-Reply for the limited purpose of responding to new legal arguments and mischaracterizations raised for the first time in Defendants' Reply Brief.

**I. DEFENDANTS WAIVED THE STATUTE OF LIMITATIONS DEFENSE AND ARE EQUITABLY ESTOPPED BY THEIR OWN FRAUD**

Defendants raise California Code of Civil Procedure § 340.5 for the first time in their Reply Brief. This defense was not asserted in Defendants' December 23, 2025 Motion to Dismiss. It is a well-settled principle in the Ninth Circuit that "arguments raised for the first time in a reply brief are waived." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Even if not waived, Defendants are equitaby estopped from asserting the statute. In *Bailey v. Glover*, the Supreme Court held that a party cannot "take advantage of his own wrong" by concealing a fraud until the limitations period expires. 88 U.S. 342, 349 (1874). Under *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231 (1959), a

defendant is estopped from a limitations defense where their own conduct—here, the active suppression of EHR metadata and consultation notes—caused the delay in filing.

## II. ACCRUAL REQUIRES DISCOVERY OF "FACTS," NOT SUSPICION

Defendants argue that Plaintiff's "suspicion" triggered the statute. This misstates CCP § 338(d), which provides that accrual occurs only upon "discovery ... of the facts constituting the fraud." The California Supreme Court expressly distinguishes a "hunch" from the discovery of concealed facts. *Sanchez v. South Hoover Hospital*, 18 Cal. 3d 93, 99 (1976). Because Defendants exercised exclusive control over the electronic audit trails and medical records, Plaintiff remained legally ignorant of the facts until her independent Reno consultation in November 2024.

## III. RELIANCE IN CONCEALMENT IS "PASSIVE FORBEARANCE"

Defendants argue that Plaintiff's distrust of Dr. Carter defeats reliance. This misunderstands the doctrine. In concealment cases, reliance is passive—it is the forbearance or induced inaction resulting from the omission of a material fact. Plaintiff relied on the integrity of the medical record itself; because the C1 fracture was omitted, she was unable to provide an accurate history to other providers, which directly prevented her from seeking independent care sooner.

Further, if the Plaintiff had the facts of the injury as required, she would not have tried to subpoena Dr. Hawk nor been ready to dismiss the case if he backed Dr. Carter's claims.

## IV. RICO STANDING AND PROPERTY INJURY UNDER *HORN* (2025)

Plaintiff alleges concrete financial losses, specifically the out-of-pocket investigatory expenses for the Reno, Nevada neurosurgical consultation and associated forensic costs. These are not "medical treatment" damages; they are property losses necessitated by Defendants' racketeering conduct. The Supreme Court's decision in *Medical Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025), confirms that economic losses flowing from a pattern of racketeering are recoverable under RICO even if the underlying context involves a personal injury.

## V. STATE ACTION UNDER THE JOINT-ACTION TEST

Defendants acted under color of law by willfully participating in joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). By manipulating the Sacramento County Superior Court's subpoena process and the Sheriff's Office to obstruct service while avoiding the lawful "Motion to Quash" process, Defendants' private misconduct became state action for the purposes of 42 U.S.C. § 1983.

## VI. CONCLUSION

Defendants' Motion to Dismiss relies on arguments that were waived, are barred by equity, or are premised on outdated law. Further, their Reply raises new arguments not mentioned in the Motion to Dismiss. The Motion should be denied.

**Respectfully submitted,**

*Brenda Gains Hunter, Pro Se*

Dated: January 8, 2026

# PROPOSED] ORDER

**[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE SUR-REPLY**

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**BRENDA GAINS HUNTER, Plaintiff, v. CRYSTAL NOEL CARTER, M.D., et al., Defendants.**

Case No.: 2:25-cv-02076-DAD-AC (PS)

**[PROPOSED] ORDER GRANTING LEAVE TO FILE SUR-REPLY**

The Court, having considered Plaintiff's Motion for Leave to File a Sur-Reply, and finding good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion is **GRANTED**. The Clerk of the Court is directed to file Plaintiff's Sur-Reply, currently attached as Exhibit A to her Motion, as a separate entry on the docket.

**IT IS SO ORDERED.**

Dated: ______________________, 2026

**Hon. Allison Claire**

United States Magistrate Judge

Hon. **Dale A. Drozd**

United States District Judge

Executed on January 8, 2026, at Sacramento, California.

**Brenda Gaines Hunter** *Plaintiff, Pro Se*

# PROOF OF SERVICE

I am over the age of eighteen and a party to this action. My address is 429 12th Street, Apt 425, Sacramento, CA 95814.

On January 8, 2026 I served the foregoing document(s) entitled:

(1) Plaintiff's Opposition to Defendants' Motion to Dismiss; (2) Memorandum of Points and Authorities; (3) Declaration of Brenda Gaines Hunter; (4) [Proposed] Order; (5) Proof of Service

by the following method:

☐ **BY MAIL:** By placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California.

☒ **BY ELECTRONIC MAIL (E-MAIL):** Pursuant to the Court's Ruling on Defendants Motion to Dismiss dated December 23, 2025, I transmitted a true and correct PDF copy of the above-listed document(s) via electronic mail to the following counsel of record at the email addresses listed below:

- S. Bradford Harper — harper@rankinlaw.com
- Bryce Gray — gray@rankinlaw.com
- Daniel McPherson — mcpherson@rankinlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 8, 2026 at Sacramento, California.

**Brenda Gaines Hunter**

Plaintiff, Pro Se