Brenda Gaines Hunter
429 12th Street, #425
Sacramento, CA 95814
916-304-2320
bgaineshunter@yahoo.com

Brenda Gaines Hunter, IN PRO PER

FILED
AUG 3 1 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Brenda Gaines Hunter<br><br>Plaintiff(s),<br><br>vs.<br><br>Crystal Noel Carter, M.D.; Mark W. Hawk, M.D.; The Permanente Medical Group, Inc.; Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals<br><br>Defendant(s). | Case No.: 2:25-cv-02076-DAD-AC (PS)<br><br>**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>DATE: No Hearing is Requested<br>TIME:<br>DEPT:<br><br>Judge: HON. Dale A, Drozd<br><br>Action Filed: July 25, 2025<br>Trial Date: Unassigned |

Plaintiff Brenda Gaines Hunter ("Plaintiff") submits the following.

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

**28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); E.D. Cal. L.R. 304**

Plaintiff Brenda Gaines Hunter respectfully submits these specific objections to the Magistrate Judge's Findings and Recommendations.

Plaintiff objects to the recommendations that Defendants' motions to dismiss be granted without leave to amend, that the federal claims be dismissed, that supplemental jurisdiction over the remaining state-law claims be declined, and that this action be dismissed and closed.

The operative Complaint is a 99-page pleading supported by 165 pages of attached exhibits. Those exhibits include, among other materials, emails from the defendants withdrawing subpoenas, returned witness fees, hearing transcripts, a Sheriff's affidavit, and declarations concerning Plaintiff's attempts to effect service and the alleged obstruction of service. The Complaint therefore does not present its federal claims as bare legal conclusions divorced from supporting factual allegations. Rather, Plaintiff set forth the factual basis for the claims throughout the Complaint and attached documentary materials identified in support of the allegations. In conducting de novo review of the specific objections below, Plaintiff respectfully requests that the Court consider the Complaint as pleaded, including the factual allegations and exhibits properly before the Court, in determining whether the federal claims plausibly state claims for relief. Plaintiff's principal position is that the Complaint already states plausible federal claims. Plaintiff therefore does not seek leave to amend as a concession that the Complaint is deficient. Rather, Plaintiff requests de novo review of the claims and facts actually pleaded and contends that, accepting well-pleaded factual allegations as true and drawing reasonable inferences in Plaintiff's favor, the Complaint adequately pleads Claims Five, Six, and Seven.

Plaintiff alternatively requests leave to amend only if the Court determines that a particular element requires additional factual specificity.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the District Judge must make a de novo determination of those portions of the Findings and Recommendations to which specific written objections are made. Federal Rule of Civil Procedure 72(b)(3) likewise requires de novo determination of properly objected-to portions of the recommended disposition.

On a motion to dismiss under Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true and determines whether the Complaint states a plausible claim for relief. The Court does not weigh evidence, resolve disputed facts, or determine whether Plaintiff will ultimately prevail. The question is whether the facts alleged in the Complaint, if true, plausibly satisfy the governing legal requirements for the claims actually pleaded.

## II. OBJECTION NO. 1: THE FEDERAL CLAIMS ACTUALLY PLEADED MUST BE EVALUATED UNDER THEIR GOVERNING LEGAL ELEMENTS

Plaintiff objects to the Findings and Recommendations to the extent they evaluate the federal causes of action through a characterization different from the claims and factual allegations actually pleaded.

The well-pleaded complaint rule recognizes that the plaintiff is ordinarily the master of the claims asserted. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the claims pleaded here should be evaluated under the elements of those claims and the factual allegations supporting them.

Plaintiff expressly pleaded federal claims under Civil RICO and the First and Fourteenth Amendments, together with related allegations concerning fraudulent concealment, record-related conduct, obstruction, retaliation, and interference with her pursuit of legal remedies.

The fact that the alleged conduct concerns fraudulent medical records, healthcare providers, and events occurring within a healthcare system does not itself convert every pleaded claim into a cause of action for negligent diagnosis, negligent treatment, or professional medical malpractice. *Not once has the Plaintiff alleged that the defendants were incompetent.*

Plaintiff further objects to any analysis that treats the mere fact that the alleged misconduct concerns information contained in a medical record as sufficient to transform an intentional fraud or record-integrity claim into one for medical malpractice. The nature of a claim depends upon the wrong alleged and the elements required to establish that wrong, not merely upon the type of document in which the disputed information appears. A medical record may be the instrumentality or subject of alleged fraud, concealment, falsification, or other intentional misconduct without the claim thereby becoming one challenging a physician's diagnosis, treatment, or compliance with the professional standard of care.

That distinction is illustrated by the United States Department of Justice's January 14, 2026 resolution of False Claims Act allegations against Kaiser affiliates, including Kaiser Foundation Health Plan Inc. and The Permanente Medical Group Inc. In connection with the Medicare Advantage program, the United States alleged that Kaiser pressured physicians to alter patients' medical records after visits by adding diagnoses through retrospective addenda, in some instances months or more than a year after the underlying

visit, and then submitted or caused the submission of information to CMS for increased government payments. The federal government's allegations therefore concerned the alleged knowing manipulation and use of information in medical records for a fraudulent purpose—not negligent treatment or a breach of the medical standard of care. The resolution involved a $556 million payment and expressly contained no determination of liability. Plaintiff does not cite that resolution as evidence that Defendants committed the particular acts alleged in this case. Rather, it demonstrates the precise analytical distinction relevant to Plaintiff's objection: alleged intentional manipulation, alteration, concealment, or misuse of medical-record information is not, merely because the information appears in a medical record, necessarily a claim for professional medical negligence.

Here, Plaintiff likewise does not seek to impose liability because a physician exercised negligent medical judgment or selected an improper course of treatment. Plaintiff alleges intentional and coordinated misconduct involving, among other things, the alleged concealment, withholding, manipulation, and misrepresentation of information and records, matters alleged to have been within Defendants' possession or control, together with alleged interference with Plaintiff's efforts to obtain and verify that information through discovery and court-issued subpoena process. Those allegations must be evaluated according to the elements of the causes of action Plaintiff actually pleaded. The Court should not substitute a medical-malpractice theory for those claims solely because the alleged fraud and concealment concern medical information or medical records.

Plaintiff does not contend in Claims Five, Six, and Seven that Defendants are liable merely because a physician exercised poor medical judgment. Rather, those claims must be measured against the elements of the federal causes of action actually pleaded.

Plaintiff's objection is not that every dispute involving an electronic health record is necessarily independent of medical care. Rather, Plaintiff alleges intentional concealment, record-related conduct, and interference with her efforts to obtain information and evidence. Whether those allegations satisfy the elements of the federal claims pleaded must be determined under those elements. The presence of medical information as the subject matter of the alleged conduct does not, by itself, transform those allegations into a claim challenging the professional standard of medical care. Plaintiff therefore objects to any analysis that effectively substitutes a medical-malpractice theory for the federal claims pleaded and then dismisses those federal claims because Plaintiff did not plead the elements of the substituted cause of action.

## III. OBJECTION NO. 2: THE COMPLAINT ALLEGES A CIVIL RICO CLAIM THAT MUST BE EVALUATED UNDER THE ELEMENTS OF CIVIL RICO

Plaintiff objects to the recommendation that Claim Five be dismissed on the ground that the alleged scheme did not concern a cognizable injury to business or property.
Civil RICO provides a private cause of action to a person injured in her business or property by reason of a violation of 18 U.S.C. § 1962. See 18 U.S.C. § 1964(c). The Complaint must therefore be evaluated according to the requirements applicable to the civil RICO claim actually alleged, including the alleged enterprise, pattern, predicate conduct, causation, and alleged injury to business or property.

Plaintiff alleges that Defendants acted individually and in concert as part of an alleged enterprise and continuing course of conduct involving alleged concealment, suppression or withholding of information, record-related conduct, interference with Plaintiff's efforts to obtain evidence, and other conduct identified in the Complaint.

Plaintiff further alleges that Defendants maintained and controlled the medical records, electronic health information, and other information relevant to the matters alleged. The Complaint alleges that material information concerning the alleged conduct remained within Defendants' possession or control.

Plaintiff further alleges that, when she requested particular records and information during discovery in the state-court action, Defendants did not provide the requested records and information as requested. Instead, Plaintiff alleges that Defendants engaged in a data dump of other records and information.

Plaintiff does not contend that a data dump, standing alone, establishes a RICO violation or fraudulent intent. Rather, Plaintiff contends that the alleged sequence is relevant when considered with the Complaint as a whole: Plaintiff requested particular records and information; Defendants allegedly controlled the relevant systems and information; Plaintiff alleges that the requested materials were not provided as requested; and Plaintiff alleges that Defendants instead engaged in a data dump of other records and information. These allegations are part of the factual circumstances Plaintiff alleges concerning her efforts to obtain and verify information relevant to the claims.

Plaintiff further alleges repeated attempts to obtain evidence through court-issued subpoena process, including subpoenas directed to Dr. Mark W. Hawk; alleged interference with service of those subpoenas; the return of the witness fee; and the subsequent assertion that the subpoenas had been withdrawn.

These allegations are relevant to the alleged scheme and to the reasonable inferences concerning intent and knowledge that may be drawn from the alleged course of conduct

when the allegations are considered collectively.

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity but expressly provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff is therefore not required at the pleading stage to prove Defendants' state of mind. Rather, the question is whether the pleaded factual circumstances, accepted as true, support a plausible inference concerning the alleged knowing and intentional conduct.

Plaintiff further alleges an actual out-of-pocket financial loss. As alleged in the Complaint, Plaintiff traveled to Reno and paid a neurosurgeon out of pocket. (She can provide the receipts.) Plaintiff alleges that this expenditure was incurred as a result of the alleged concealment and record-related conduct and constitutes a concrete pecuniary loss.

In Medical Marijuana, Inc. v. Horn, 604 U.S. 593 (2025), the Supreme Court held that 18 U.S.C. § 1964(c) does not categorically bar recovery for business or property losses merely because those losses derive from a personal injury. The Court held that the source of a business or property loss does not itself create a categorical bar to a civil RICO claim.

Plaintiff recognizes that Horn did not decide the full scope of what constitutes an injury to "property" under § 1964(c). Nevertheless, Plaintiff submits that the alleged out-of-pocket expenditure must be evaluated under the governing requirements of § 1964(c) and cannot be rejected solely on the ground that the expenditure is connected to alleged physical injury or medical treatment. Plaintiff alleges that she suffered an actual, concrete pecuniary loss as a result of the conduct alleged in the Complaint. Whether that alleged loss satisfies § 1964(c), including the applicable causation requirements, should be

determined based upon the allegations and governing law rather than a categorical rule excluding all economic losses connected to personal injury.

Plaintiff submits that the alleged out-of-pocket expenditure should be evaluated as an alleged injury to business or property under the governing requirements of 18 U.S.C. § 1964(c). Plaintiff alleges that the expenditure resulted directly from the conduct alleged in the Complaint rather than merely constituting a claim for physical or emotional injury. Plaintiff therefore objects to dismissal of Claim Five without evaluating whether the specific factual allegations, including the alleged out-of-pocket expenditure and the alleged causal relationship pleaded in the Complaint, plausibly satisfy the requirements of § 1964(c).

Plaintiff further objects to dismissal with prejudice at the pleading stage where the Complaint alleges an enterprise, a continuing course of conduct, alleged intentional conduct, alleged control over relevant information, alleged failure to provide particular requested information as requested, an alleged data dump during discovery, alleged interference with efforts to obtain evidence, and an alleged concrete financial loss. Whether Plaintiff will ultimately prove those allegations is not the Rule 12(b)(6) question.

## IV. OBJECTION NO. 3: THE COMPLAINT ALLEGES TWO DISTINCT BASES REQUIRING ANALYSIS OF STATE ACTION AND ACTION UNDER COLOR OF LAW

Plaintiff objects to the recommendation that Claims Six and Seven fail because Defendants are private actors.

Plaintiff's theory is not limited to the proposition that Defendants became governmental actors merely because they accepted Medicare or Medi-Cal funds. Government funding or regulation, standing alone, is not the full theory alleged in the Complaint.

**A. Delegated administration of the Medicare Advantage program**

Plaintiff alleges that she was a Medicare Advantage Plan member and that her plan was administered by Kaiser Permanente. Plaintiff further alleges that Defendants exercised responsibilities within the administration of that federally created program and controlled information and records relevant to Plaintiff's participation in the program.

Plaintiff's position is therefore that the state-action analysis must address the particular functions, responsibilities, and authority alleged, rather than ending with the proposition that a private healthcare entity does not become a governmental actor merely because it receives federal funds or operates in a heavily regulated field.

Plaintiff does not contend that every private Medicare Advantage organization is automatically a governmental actor for every purpose. Rather, Plaintiff contends that the particular delegated administrative role and functions alleged in the Complaint required analysis of the conduct actually alleged.

At the Rule 12(b)(6) stage, the Court must evaluate Plaintiff's pleaded theory and factual allegations, accepting well-pleaded facts as true and drawing reasonable inferences in Plaintiff's favor.

**B. The separate joint-action theory concerning court-issued subpoenas and state judicial process**

Independently of the Medicare Advantage allegations, Plaintiff alleges that Defendants acted under color of law through their alleged use and manipulation of state judicial

processes.

Plaintiff alleges that she obtained court-issued subpoenas only after following the required judicial procedures and obtaining the necessary court approval. The subpoenas included subpoenas directed to Dr. Mark W. Hawk.

Plaintiff further alleges that she was required to turn the subpoenas over to Defendants' counsel. Plaintiff alleges that, after receiving them, defense counsel sent an email asserting that all subpoenas had been withdrawn, including subpoenas directed to Dr. Hawk.

This sequence is central to Plaintiff's joint-action theory. Plaintiff's allegation is not merely that defense counsel participated in ordinary litigation or objected to a subpoena through authorized procedures. Plaintiff alleges that she was required by the state court to provide the issued subpoenas to defense counsel, after which defense counsel purported to declare the subpoenas withdrawn.

Plaintiff alleges no order authorizing defense counsel to withdraw or cancel the subpoenas on Plaintiff's behalf. Plaintiff's position is that the requirement that she deliver the subpoenas to counsel did not itself delegate to counsel the authority to withdraw them.

Plaintiff further alleges that the witness fee was returned and that her efforts to obtain compliance with and service of the subpoenas, including efforts involving the Sacramento County Sheriff's Office, were obstructed.

Thus, *Plaintiff's joint-action theory* rests upon an alleged sequence involving: (1) state-issued judicial process; (2) a court requirement that Plaintiff provide the subpoenas to defense counsel; (3) defense counsel's subsequent assertion that all subpoenas had been withdrawn; and (4) the alleged resulting interference with service and Plaintiff's efforts to obtain evidence.

Plaintiff contends that these allegations must be analyzed under the governing standards concerning state action and joint participation. They cannot be rejected merely by observing that Defendants are private parties or that ordinary private litigation conduct ordinarily does not constitute state action. Plaintiff alleges the use of state judicial process followed by conduct that purported to terminate the effectiveness of court-issued subpoenas without Plaintiff's authorization and without the judicial relief that Plaintiff contends was required.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), and *Dennis v. Sparks*, 449 U.S. 24 (1980), provide governing principles concerning when private conduct sufficiently involves the exercise of state authority or alleged joint participation with state actors to satisfy the state-action requirement. Plaintiff respectfully submits that the specific allegations pleaded here required analysis under those principles and could not properly be dismissed solely by characterizing Defendants as private actors acting wholly apart from state process.

**V. OBJECTION NO. 4: THE ALLEGED SCHEME AND INTENT MUST BE EVALUATED FROM THE COMPLAINT AS A WHOLE**

The Complaint does not rely merely upon conclusory use of the word "fraud." It identifies alleged misrepresentations concerning medical information and the existence of a consultation; alleged concealment or withholding of information; alleged record-related

conduct; alleged failure to provide particular information and records as requested; an alleged data dump during discovery; alleged interference with court-issued subpoenas; alleged dissemination and use of information concerning Plaintiff's prior lawsuit and medical condition; alleged retaliation; and alleged obstruction of Plaintiff's efforts to obtain legal remedies.

The Complaint alleges that Defendants acted individually and in concert and identifies an alleged enterprise and continuing course of conduct.

The Complaint further alleges that significant information concerning the alleged conduct was maintained or controlled by Defendants. Plaintiff alleges that, when she requested particular records and information during discovery in the state-court action, Defendants did not provide the requested records and information as requested. Instead, Plaintiff alleges that Defendants engaged in a data dump of other records and information. Plaintiff does not contend that a data dump automatically establishes fraud or that every discovery dispute constitutes a RICO predicate. Rather, Plaintiff contends that the alleged discovery history is relevant factual context when considered together with the other allegations. According to Plaintiff's allegations, the information sought was within Defendants' control; Plaintiff made specific requests for particular records and information; the requested materials were allegedly not provided as requested; and Defendants instead allegedly engaged in a data dump of other records and information.

Plaintiff further alleges that she continued to attempt to obtain information and verification through available legal procedures, including court-issued subpoenas. The Complaint further alleges conduct from which the requisite intent may plausibly be inferred when the allegations are considered collectively. Plaintiff alleges that she repeatedly sought particular information and records concerning matters within

Defendants' possession or control; that she pursued those materials through formal discovery; that the requested records and information were not provided as requested; that Defendants instead engaged in a data dump of other records and information; and that her subsequent efforts to obtain evidence through court-issued subpoena process, including subpoenas directed to Dr. Mark W. Hawk, were repeatedly thwarted. Plaintiff further alleges that, after she was required to provide the subpoenas to Defendants' counsel, counsel asserted that all subpoenas had been withdrawn, including subpoenas directed to Dr. Hawk. Plaintiff alleges that Defendants returned the witness fee and interfered with efforts to obtain compliance with the subpoenas and service on the witness.

Taken as true at the pleading stage, and considered together with the alleged concealment, disputed consultation, record-related allegations, alleged control over relevant information, alleged failure to provide particular requested information as requested, the alleged data dump during discovery, and alleged interference with efforts to obtain evidence, Plaintiff submits that these allegations provide a factual basis from which knowing and intentional conduct may plausibly be inferred.

Plaintiff is not required at the Rule 12(b)(6) stage to prove Defendants' state of mind. Rule 9(b) expressly provides that intent, knowledge, and other conditions of mind may be alleged generally, while the circumstances constituting fraud must be pleaded with particularity.

Plaintiff is not asking the Court to assume that every alleged inconsistency in a medical record, discovery dispute, data dump, or unsuccessful service attempt independently constitutes mail fraud, wire fraud, obstruction, or another RICO predicate. Rather, Plaintiff contends that the Complaint alleges a pattern of specific conduct which, taken

collectively and accepted as true, must be evaluated under the elements of the federal claims pleaded.

## VI. OBJECTION NO. 5: THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION IF ANY FEDERAL CLAIM REMAINS

The Findings and Recommendations recommend declining supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3) based upon the recommended dismissal of all federal claims.

Plaintiff objects because Claims Five, Six, and Seven present federal questions that, for the reasons stated above, Plaintiff contends are plausibly pleaded. If the Court concludes that any federal claim survives, the premise for declining supplemental jurisdiction under § 1367(c)(3) is absent.

The state-law claims arise from the same alleged course of conduct and substantially overlapping facts concerning the alleged concealment, medical information and records, discovery and subpoena events, alleged control over information, alleged failure to provide particular requested information as requested, the alleged data dump during discovery, and related conduct. Plaintiff therefore submits that the claims form part of the same case or controversy for purposes of 28 U.S.C. § 1367(a).

Plaintiff respectfully requests that the Court first determine whether the federal claims actually pleaded survive under the applicable Rule 12(b)(6) standards. If they do, Plaintiff requests that the Court retain supplemental jurisdiction and adjudicate the related state-law claims rather than dismissing the action on the premise that no federal claim remains.

## VII. OBJECTION NO. 6: DISMISSAL WITH PREJUDICE AND WITHOUT LEAVE TO AMEND IS NOT WARRANTED AT THIS STAGE

Plaintiff's primary position is that amendment is unnecessary because the operative Complaint already states plausible claims for relief.

Plaintiff does not request leave to amend as an admission that the Complaint fails to state a claim. Plaintiff respectfully requests that the Court first conduct de novo review and conclude that the Complaint, as presently pleaded, adequately states the federal claims identified above.

Alternatively, if the Court concludes that any particular claim requires additional factual specificity, Plaintiff requests leave to amend rather than dismissal with prejudice. Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. The Ninth Circuit has described that policy as one of "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Accordingly, Plaintiff respectfully requests that the Court first conclude that the Complaint already states plausible federal claims. Alternatively, if the Court concludes that any particular claim requires additional factual specificity, Plaintiff requests leave to amend rather than dismissal with prejudice.

**VIII. CONCLUSION AND REQUEST FOR DE NOVO REVIEW**

For the foregoing reasons, Plaintiff respectfully objects to the Findings and Recommendations and requests that the District Court conduct de novo review of the challenged portions pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Plaintiff respectfully requests that the Court reject the recommendation that Claims Five, Six, and Seven be dismissed without leave to amend; evaluate those claims according to

the elements of the causes of action actually pleaded; consider the specific factual allegations and reasonable inferences arising from the Complaint as a whole; and retain supplemental jurisdiction over the related state-law claims.

Plaintiff's principal position is that the operative Complaint already states plausible federal claims and should proceed without amendment.

Alternatively, if the Court identifies a curable deficiency requiring additional factual specificity, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

DATE: August 30, 2026

Respectfully submitted,

Brenda Gaines Hunter Plaintiff, Pro Se
429 12th Street, Apt. 425
Sacramento, CA 95814
916-304-2320
bgaineshunter@yahoo.com

Brenda Gaines Hunter
429 12th Street, #425
Sacramento, CA 95814
916-304-2320
bgaineshunter@yahoo.com

Brenda Gaines Hunter, IN PRO PER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Brenda Gaines Hunter<br><br>Plaintiff(s),<br><br>vs.<br><br>Crystal Noel Carter, M.D.; Mark W. Hawk, M.D.; The Permanente Medical Group, Inc.; Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals<br><br>Defendant(s). | ) Case No.: 2:25-cv-02076-DAD-AC<br>) (PS)<br>)<br>) **DECLARATION OF SERVICE**<br>)<br>) DATE:<br>) TIME:<br>) DEPT:<br>)<br>) Judge: HON. Dale A. Drozd<br>)<br>) Action Filed: July 25, 2025<br>) Trial Date: Unassigned<br>)<br>)<br>)<br>) |

**DECLARATION OF SERVICE**

I, **Brenda Gaines Hunter**, declare as follows:

______ (BY FACSIMILE) By use of facsimile machine number ____________, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

__x____ (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

My electronic service address is: bgaineshunter@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 30, 2026

Sacramento, CA

SERVICE LIST SENT VIA Electronic Service:

Bryce Gray

Rankin, Shuey, Mintz, Lampasona & Harper,

475 14th St Ste 650, Oakland, CA 94612-1949

Phone: 510-465-3922 | Fax: Not Available

Email: *gray@rankinlaw.com*

S. Bradford Harper

Rankin, Shuey, Mintz, Lampasona & Harper,

475 14th St Ste 650, Oakland, CA 94612-1949

Phone: 510-465-3922 | Fax: Not Available

Email: *harper@rankinlaw.com*

Daniel McPherson

Rankin, Shuey, Mintz, Lampasona & Harper,

475 14th St Ste 650, Oakland, CA 94612-1949

Phone: 510-465-3922 | Fax: Not Available

Email: *mcpherson@rankinlaw.com*